31

Dr. Jose M. FONT, Plaintiff, Appellant,

v.

SANA INVESTMENT, INC., et al., Defendants, Appellees.

No. 00–1408.

United States Court of Appeals, First Circuit.

April 6, 2001.

Dr. José M. Font, on brief, pro se.

Jorge E. Pérez–Díaz, Orlando H. Martínez–Echeverría and Pietrantoni Mendez & Alvarez, LLP, on brief, for appellees.

Before SELYA, Circuit Judge, LEVIN H. CAMPBELL, Senior Circuit Judge, and STAHL, Circuit Judge.

PER CURIAM.

■ After a thorough review of the record and of the parties' submissions, we affirm. Appellant failed to address the question of whether he satisfied the jurisdictional minimum amount in controversy, even after being directed to do so by the lower court in its show-cause order, and he has similarly failed to address the issue in his appellate brief. Thus, the argument is forfeited. *See United States v. Fernandez,* 145 F.3d 59, 63 (1st Cir.1998) (issues not fully addressed in appellate submissions are deemed forfeited); *Martinez v. Colon,*

54 F.3d 980, 990 (1st Cir.1995) (argument not addressed below is forfeited).

■ In all events, the argument is meritless. It "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Schlessinger v. Salimes*, 100 F.3d 519, 521 (7th Cir.1996) (citation omitted). Under Puerto Rico law, damages in a contract action are limited to those which are reasonably foreseeable at the time the parties entered into the contract. *See Mattei Nazario v. Miguel P. Vélez*, 98 JTS 55. "[T]he measure of damages sustained by reason of failure ... to comply with a contract for services is, prima facie, the compensation stipulated in the contract." *Conjugal Partnership Comprised by Joseph Jones, Vernetta G. Jones h/n/c Stenograph Sys. v. Conjugal Partnership Comprised by Arthur Pineda & Toni Pineda*, 798 F.Supp. 892, 901 (D.P.R.1992). Thus, appellant's damages would be limited to $5,500, at least where there is no indication in the complaint that defendants reasonably could have foreseen that a failure to pay the amount allegedly owed would result in other specific harm.

*Affirmed.* 1st Cir. Loc. R. 27(c).